946 F.2d 1564
 292 U.S.App.D.C. 84
 NOTICE: D.C. Circuit Local Rule 11(c) states that unpublished orders, judgments, and explanatory memoranda may not be cited as precedents, but counsel may refer to unpublished dispositions when the binding or preclusive effect of the disposition, rather than its quality as precedent, is relevant.
FEDERAL ELECTION COMMISSION, Appellant,
v.
POPULIST PARTY, et al.
 No. 90-7169.
 United States Court of Appeals, District of Columbia Circuit.
 May 31, 1991.
 
 Before WALD, SILBERMAN and STEPHEN F. WILLIAMS, Circuit Judges.
 ORDER
 PER CURIAM.
 
 
 1
 Upon consideration of the motion for summary reversal, this court's order to show cause and the lack of any response thereto, it is
 
 
 2
 ORDERED that the show cause order be discharged. It is
 
 
 3
 FURTHER ORDERED that the motion for summary reversal be granted. The merits of the parties' positions are so clear as to justify summary action. See Ambach v. Bell, 686 F.2d 974 (D.C.Cir.1982); United States v. Allen, 408 F.2d 1287, 1288 (D.C.Cir.1969) (per curiam). The district court exceeded the limited scope of its subpoena enforcement jurisdiction by imposing a deadline for the completion of the Federal Election Commission's investigation and by requiring the Commission to entertain a future application by appellee to withdraw as a political party. See 2 U.S.C. § 437d(b); see also Bread Political Action Committee v. FEC, 455 U.S. 577, 580-81 (1981).
 
 
 4
 The Clerk is directed to withhold issuance of the mandate herein until seven days after disposition of any timely petition for rehearing. See D.C.Cir.Rule 15.